CULPEPPER, Judge.
Plaintiff seeks a mandatory injunction ordering defendant to present and restrain his cattle in Evangeline Parish for brucel-losis testing. From an adverse judgment, plaintiff appeals.
The injunction is sought under LSA-R.S. 3:2221, subd. C, which reads as follows:
“When the known infected herds in any parish have been reduced to five percent or less of the total number of herds in the parish, as determined by the latest official Census of Agriculture published by the United States Department of Commerce, Bureau of Census, the Livestock Sanitary Board shall have the authority to require a complete test of any herd in the parish which has had less than fifteen percent of the adult cattle officially tested within the last three years.”
Defendant urges several defenses, but the one on which we ultimately decide the case is that plaintiff has failed to prove the number of herds in Evangeline Parish.
Under the statute quoted above, it is incumbent on the plaintiff to prove the total number of herds in Evangeline Parish “as determined by the latest official Census of Agriculture published by the United States Department of Commerce, Bureau of Census.” For this purpose, plaintiff called as a witness Dr. Ray R. Cowart, an employee of the Baton Rouge, Louisiana office of the U. S. Department of Agriculture, Agriculture Research, Service Animal Health Division. Dr. Cowart identified xerox copies of two pages from the 1964 Census of Agriculture published by the U. S. Department of Commerce. One of these xerox pages purports to show the number of farms in Evangeline Parish which reported cattle during 1964. From this the doctor says his department determines the number of herds in the parish.
The defendant objected to the introduction of these copies on several grounds, one of which is that they are not admissible under our laws of evidence providing for proof of official records. The District Judge overruled the objections and allowed the xerox copies to be filed in evidence. We conclude this was error.
LSA-C.C.P. Art. 1393, which provides for the proof of official records by the introduction of an official publication thereof, reads as follows:
“An official record, or an entry therein, of the United States, of this state, of any other state or territory of the United States, of any foreign country, or of any political subdivision, corporation or agency of any of the above, when admissible for any purpose, may be evidenced by an official publication thereof.
A regulation, report, proceeding, ruling, decision, or other official act of any officer, department, board, commission, or agency of the United States, when admissible for any purpose, may be evi *273 denced by the Federal Register, or by a printed book, pamphlet, or periodical published by the United States Government Printing Office by authority.”
These xerox copies of two pages from the 1964 Census of Agriculture are not admissible under Article 1393. They are not an official publication nor are they a printed book, pamphlet or periodical published by the United States Government Printing Office. Article 1393 makes no provision for the introduction of xerox copies of official publications. The official publications themselves must be filed in evidence under this article.
LSA-C.C.P. Art. 1395 also provides for the introduction in evidence of official records of the United States and reads in pertinent part as follows:
“An official record, or an entry therein, of the United States, of any state other than Louisiana, of any territory of the United States, of any foreign country, or of any political subdivision, corporation or agency of any of the above, when admissible for any purpose, may be evidenced by a copy attested by the officer having legal custody of the record, or by his deputy, and accompanied with a certificate that such officer has the custody.”
The xerox copies are not admissible under Article 1395. They are not attested by the officer having legal custody of the Census of Agriculture, or by his deputy. These xerox pages are not attested or certified in any manner whatsoever. Dr. Cowart simply testified that they are xerox copies of two pages of the Census. He is not the officer having legal custody of the record, or his deputy. Hence, it cannot be argued that his testimony should be accepted in lieu of the certification required by the statute.
Summarizing, the xerox copies of the two pages from the 1964 Census of Agriculture are not admissible in evidence under our “official records” statutes. In their absence, there is no proof of the total number of herds in Evangeline Parish from which it can be determined that the known infected herds had been reduced to 5% or less. Plaintiff has failed to prove his case.
For reasons assigned, the judgment appealed is affirmed.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.